UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 12-11548-RGS

IKNATON-RHAJIK NZADDI

v.

CHRISTINE BROCKELMAN, et al.

MEMORANDUM AND ORDER

January 3, 2012

STEARNS, D.J.

For the reasons set forth below, the Court (1) assesses plaintiff an initial, partial filing fee of $3.45; (2) denies plaintiff's request for class certification; and (3) grants plaintiff forty-two (42) days to show cause why her complaint should not be dismissed, or in the alternative, file an amended complaint that cures the pleading deficiencies noted below.

BACKGROUND

Plaintiff Iknaton-Rhajik Nzaddi, a self-described follower of the Baha'i faith, brings this action on behalf of herself and other inmates seeking a kosher diet. Plaintiff alleges constitutional violations and brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988.

By Order dated September 17, 2012, the Court allowed plaintiff's application to proceed without prepayment of the filing fee. Assessment of an initial, partial filing fee was deferred so that plaintiff could file a copy of her prison account statement. Id. On November 19, 2012, plaintiff filed a copy of plaintiff's prison account statement. See Docket No. 8.

DISCUSSION

I.    Assessment of an Initial, Partial Filing Fee

Because Nzaddi is a prisoner, she is obligated to make payments toward the filing

fee pursuant to 28 U.S.C. § 1915(b). Based upon the financial disclosures in her prison account statement, see Docket No. 8, the Court assesses plaintiff an initial filing fee of $3.45. See 28 U.S.C. § 1915(b)(1). The remainder of the fee, $346.55, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

    II.    Review

When a plaintiff seeks to bring an action without prepayment of the filing fee, summonses do not issue until the court reviews the operative complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); 28 U.S.C. § 1915A(b); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir.2001).

In conducting a review of a complaint filed by a litigant proceeding *in forma pauperis*, the court reads plaintiff's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to her pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96 (1972)).

    III.    Class Action Certification

Plaintiff seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. See Compl, p. 2. Plaintiff seeks class certification of all prisoners at MCI-Shirley (medium) that have had their "religious-dietary contracts and civil rights" abridged

fee pursuant to 28 U.S.C. § 1915(b). Based upon the financial disclosures in her prison account statement, see Docket No. 8, the Court assesses plaintiff an initial filing fee of $3.45. See 28 U.S.C. § 1915(b)(1). The remainder of the fee, $346.55, shall be collected in accordance with 28 U.S.C. § 1915(b)(2).

    II.    Review

When a plaintiff seeks to bring an action without prepayment of the filing fee, summonses do not issue until the court reviews the operative complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii); 28 U.S.C. § 1915A(b); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir.2001).

In conducting a review of a complaint filed by a litigant proceeding *in forma pauperis*, the court reads plaintiff's complaint with "an extra degree of solicitude," Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir.1991), due to her pro se status, see id.; see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-96 (1972)).

    III.    Class Action Certification

Plaintiff seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. See Compl, p. 2. Plaintiff seeks class certification of all prisoners at MCI-Shirley (medium) that have had their "religious-dietary contracts and civil rights" abridged

by the defendants. Id.   Plaintiff has the burden of showing that the requirements for class certification are met.  See Makuc v. American Honda Motor Co. Inc., 835 F.2d 389, 394 (1st Cir. 1987).  Generally, a pro se litigant cannot satisfy the adequacy of representation rquirement of Rule 23(a)(4).  See McGoldrick v. Werholtz, 185 Fed. App'x 741, 744 (10th Cir. 2006) (indicating that the district court would have abused its discretion if it had certified a class action because plaintiffs are pro se); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding competence of layman representing himself was too limited to allow him to risk the rights of others by proceeding pro se in class action); Violette v. N.H State Prison, No. 07-cv-047, 2007 WL 1041034 at *4 (D.N.H. Apr. 6, 2002) (denying class certification because pro se litigant would act as class representative); see also Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (indicating that federal courts have consistently rejected attempts at third-party lay representation).

    Furthermore, even if it were possible for plaintiff to act as a class representative, plaintiff has not established any of the elements of Rule 23(a).  See Rule 23(a)(1)-(4).  Plaintiff failed to include affidavits or other evidence indicating the number of persons in the class, or indicating that the questions of law and fact claimed, and the defenses made, are common to the class as a whole.  See Rule 23(a)(1)-(3).  Because plaintiff has not met her burden of establishing the necessary requirements for class certification pursuant to Rule 23(a), the request for class certification is being denied without prejudice.  See Fed. R. Civ. P. 23(a); Makuc, 835 F.2d at 394.

    IV.    Plaintiff's Complaint is Subject to Dismissal

Here, the complaint is subject to dismissal for failure to comply with the pleading requirements of the Federal Rules of Civil Procedure.  Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."  See Fed. R. Civ. P. Rule

11(a); see also District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of the Federal Rules of Civil Procedure pertaining to the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."). Here, plaintiff signed page two of the complaint, however her complaint appears to continue for three more pages with a list of the parties.

The complaint appears to consist of five, handwritten pages including a two-page introduction and a three-page list of the parties. However, the complaint fails to contain specific factual allegations against the defendants. To state a claim for relief a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead more than a mere allegation that the defendant has harmed him [or her]. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation" (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Instead of dismissing this action, the Court will give plaintiff an opportunity to file an amended complaint. If she chooses to file an amended complaint, the complaint must contain her signature and must give the defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest.

ORDER

Based on the foregoing, it is hereby Ordered that*:*

1. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $3.45.  The remainder of the fee, $346.55, shall be collected in accordance with 28 U.S.C. § 1915(b)(2);

2. Plaintiff's request to certify as class action is denied without prejudice; and

3. Plaintiff shall file an amended complaint within forty-two (42) days from the date of this Memorandum and Order.

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE